Jones, J.
On November T3, 1919, Adda A. Heckerman was ‘appointed administratrix of the estate of John E. Gingery, deceased. On Decern- *562 ber 18, 1919, both as individual and as administra-trix of the estate, she filed an action against Per-sida A. Marshall et al., and on January 20, 1920, 'Persida invoked the jurisdiction of the court that had previously granted letters of administration by filing a motion asking for a revocation of those letters for the reasons stated. The motion to revoke was filed under favor of Section 10629, General Code, which provides that “The probate court may remove any executor or administrator * * * if there are unsettled claims or demands * * * which the court thinks may be the subject of controversy or litigation between him and the estate, or persons interested therein, or for any other cause which in its opinion renders it for the interest of the estate that such executor or administrator be removed.”
As appears from the entry of the court of appeals its judgment of affirmance resulted from the holding of one of its members that Persida A. Marshall had not such interest as would entitle her to challenge the appointment of the administratrix. Persida’s interest, as stated in her motion, was based upon the fact that the decedent in his lifetime had made her the sole beneficiary of his estate. In that phase of the case this claim is reinforced by the fact that following her appointment Adda A. Heckerman, both as an individual, and as adminis-tratrix, filed an action against Persida.
This court is of the opinion that Persida had such an interest in the estate as would permit her to attack the appointment under favor of the statute quoted. We do not undertake to decide *563 upon the merits of the controversy between the sister and daughter of the decedent. Undoubtedly Persida was a “person interested” in the estate. It would be quite difficult to conceive how anyone could be more interested therein than one who claimed the entire estate, which had already become the subject of litigation between the adminis-tratrix and herself. She had a right, therefore, to attack the appointment for the reason that it was unáuthorized by Section 10604, General Code, which provides that letters shall be granted “by the probate court of the county in which he [decedent] was an inhabitant or resident at the time he died.” In the proceeding in the court of appeals, that court, by the concurrence of all the judges, evidently found this issue in favor of Persida.
The claim is made, however, that this is a collateral attack. This claim rests upon the former holdings of this court, that, the probate court having exclusive jurisdiction upon matters of administration, it is presumed that in the application for the original appointment that court passed upon this issue, and presumptively found that the decedent was a resident of Henry county at the time of his death. Such being the case, it is claimed that this presumption, and the validity of the appointment based thereon, cannot be attacked collaterally, and in support of the contention made the following authorities are cited: Union Savings Bank & Trust Co., Exr., v. Western Union Telegraph Co., 70 Ohio St., 89; Hoffman, Admx., v. Fleming, 66 Ohio St., 143, and Shroyer, Gdn., v. Richmond, 16 Ohio St., 455.
*564 Had the attack upon the appointment occurred in a distinct and separate proceeding the claim of the defendant in error would be well founded under the authorities cited; or, applying the principle concretely in this case, had the attack been made in the action filed in the court of common pleas of Henry county by Adda A. Heckerman, as individual and administratrix, against Persida A. Marshall, it would undoubtedly have been a collateral attack made in a separate proceeding in another court. But the attack here under consideration is not collateral but direct, made so distinctly by the provisions of Section 10629, General Code. The distinction between a collateral and direct attack is clearly defined by Williams, J., in Kingsborough v. Tousley, 56 Ohio St., 450, wherein, at page 458, he says: “A direct attack on a judgment has been defined to be one by which the judgment is directly assailed in some mode authorized by law; while a collateral attack is an attempt to defeat the operation of a judgment, in a proceeding where some new right derived from or through the judgment is involved.” In Bank v. Telegraph Co., supra, Davis, J., at page 100, says: “The defendant, if it had such an interest in the estate as would give it the legal standing to do so, might have attacked the appointment in the probate court, or by appeal or error.” Applying this distinction, therefore, and distinguishing the Ohio authorities cited, it will be readily seen that the attack in this case was not collateral, but was directly made under the authority of a statute providing therefor and in the same court where the original appointment was made.
*565 The journal entry of the court of appeals discloses that upon the issue of fact the judgment of the probate division of the common pleas court of Henry county was found to be against the manifest weight of the evidence, and the court of appeals was divided solely upon the legal principle whether or not Persida was a “person interested” within the meaning of Section 10629, General Code. Since the legal questions involved are the only ones considered .by this court, it follows that two judges of the court of appeals having found that Persida A. Marshall had capacity to invoke the jurisdiction of the probate court, and the entry further showing, by a concurrence of all the members, that the judgment of the latter court was against the weight of the evidence, it was the duty of the court of appeals to reverse the judgment of the trial court and remand the case for further proceedings according to law.

Judgment reversed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Matthias, JJ., concur.